DARELL R. MATLOCK, JR., Chief Justice.

Standard of Review

The Court reviewed “de novo ” the Cherokee Nation Employee Appeals Board Order of Dismissal for Lack of Subject Matter Jurisdiction dated February 3, 2012, and filed February 6, 2012.

The Record from the Employee Appeals Board

On November, 10, 2011, the Appellant, Felicia Olaya, timely filed her appeal of termination as Executive Assistant by Principal Chief Bill John Baker. The appeal before the Employee Appeals Board was initially set for December 8, 2011. The Cherokee Nation filed its response to the Appellant’s Notice of Appeal on November 30, 2011, alleging lack of jurisdiction of the Employee Appeals Board to hear the termination of Appellant, Felicia Olaya, because of her status as a Contract Employee by reason of a contract of employment dated August 14, 2007. The Employee Appeals Board continued the proceedings to January 17, 2012, for hearing on the Cherokee Nation’s Motion to Dismiss for Lack of Jurisdiction and on the merits of the case. The Appellant, Felicia Olaya, filed her Objection to the Cherokee Nation’s Motion to Dismiss on December 16, 2011, in essence alleging the Employee Appeals Board has jurisdiction to hear the Appellant’s termination case for various reasons and in particular that the Appellant was an employee “for cause”. The parties filed various procedural motions concerning the production of witnesses and the Employee Appeals Board properly addressed those motions. The Employee Appeals Board Panel took testimony from several witnesses on January 17, 2012, concerning the Appel-lee/Cherokee Nation’s Motion to Dismiss for Lack of Jurisdiction and continued the proceedings until January 25, 2012. The Appellee/Cherokee Nation filed a supplement to its Motion to Dismiss for Lack of Jurisdiction on January 24, 2012. The Appellant, Felicia Olaya, filed an Objection to the Appellee/Cherokee Nation’s Supplemental Motion to Dismiss on January 25, 2012, again urging that the Appellant’s termination appeal was proper before the Employee Appeals Board. The Employee Appeals Board Panel on January 25, 2012, in open session sustained the Appel-lee/Cherokee Nation’s Supplemental Motion to Dismiss and entered its Order dated January 25, 2012, and filed of record on February 6, 2012.

The Appellant Record

Felicia Olaya timely filed her appeal in this Court on January 27, 2012, invoking this Court’s jurisdiction pursuant to 51 CNCA § 1025 to review the Employee Appeals Board’s decision, dismissing her appeal of termination for lack of jurisdiction. The Cherokee Nation filed its Response to the Appellant’s Petition in Error on April 25, 2012. The Appellant filed its opening brief on February 14, 2012. The Appellee filed its Response Brief on May 14, 2012. The Appellant filed its Reply Brief on May 22, 2012. This Court acknowledges receipt of the Employee Appeals Board record including the transcripts of the proceedings had.

Opinion

The sole dispositive issue before this Court is whether or not the Appellant, Felicia Olaya, was an employee as defined by the Employee Administrative Procedures Act on November 4, 2011, the date of her termination, in order to invoke the *402 jurisdiction of the Employee Appeals Board to hear her complaint of wrongful discharge.
This Court after reviewing the complete record of the proceedings before the Employee Appeals Board makes the following fact findings:
The Appellant, Felicia Olaya, was an employee for cause of the Cherokee Nation from August 16,1999, until the year of 2003, at which time her position changed to Executive Assistant to then Principal Chief Chadwick C. Smith. As a result of that position change, the Appellant signed a Cherokee Nation Employment Agreement. The Appellant, Felicia Olaya, on August 14, 2007, signed a subsequent Cherokee Nation Employment Agreement dated August 14, 2007, which included a contractual period of four (4) years to the date of August 13, 2011, subject to prior termination. The Appellant was given a pay raise via Cherokee Nation Employee Action Notice dated September 26, 2010, demonstrated by one of the Appellant’s evidentiary exhibits. The Appellant, Felicia Olaya, by signing her Employment Agreement, expressly waived any constitutional right she may have had for termination of the employment for cause as provided in the Cherokee Nation Constitution. (see In the Matter of the Appeal of Termination of Employment of Jan Wells, JAT-2001-01) The Appellant continued to work under the Employment Agreement on and after August 14, 2011, under the direction of acting Principal Chief Joe Crittenden. On October 20, 2011, the Appellant was verbally put on paid administrative leave. The Contract of Employment dated August 14, 2007, terminated by its terms on the same day of the last day of term of office for then Principal Chief Chadwick C. Smith. The Employment Agreement dated August 14, 2007, provided that, “Any modification of this agreement or additional obligation assumed by either party in connection with this agreement shall be binding only if evidenced in writing and signed by both parties.” On November 4, 2011, the Appellant, Felicia Olaya, received a certified letter terminating her employment with the Cherokee Nation from the Principal Chief Bill John Baker. The Appellant, Felieia Olaya, after the receipt of this letter of termination lodged her appeal to the Employee Appeals Board.
The Law which governs the facts as presented is as follow:
Article XII of the Cherokee Nation Constitution: “No employee, who having served in a position at least one (1) year shall be removed from the employment of the Cherokee Nation except for cause, and only after being afforded pre-termination due process. Provided, the right of such employee to seek redress in the Cherokee Nation Courts shall not be abridged.”
The Employee Administrative Procedures Act as amended by Legislative Act 03-10 Section (4)(A) defines “Employee” shall mean a person who has been directly employed by the Cherokee Nation or its entities and corporations on a regular full-time basis for at least one continuous year immediately prior to termination of employment, but shall not include employees who have limited term contracts, employment agreements, or are considered independent contractors. This Court in the cases of Deborah Chanate v. Cherokee Nation, JAT-2001-02V, Nancy L. Benge v. Cherokee Nation, JAT-2002-02M and Nancy Katheen Bailey v. Cherokee Nation, JAT-2001-08D found that the Employee Administrative Procedure Act to be a reasonable exercise of the constitutional powers granted to the Council of the Nation and now finds that Legislative Act 03-10 Section 4(A) to be a reasonable exercise of those same powers granted to the Coun *403 cil of the Nation by the Cherokee Nation Constitution,
The Appellant urges this Court to interpret the Cherokee Nation Employee Action Notice dated September 26, 2010, as a document that changed the status of the Appellant from that of an employee with a limited term contract to an “employee for cause”. This Court disagrees with the Appellant’s contention. The type of action is clearly indicated as a merit raise and would not meet the contractual language to change the Appellant’s Employment Agreement dated August 14, 2007. The fact that the Appellant continued to work after her contractual termination date of August 13, 2011, is also unpersuasive in light of the late confirmation date of the new Principal Chief.
Therefore this Court affirms the action of the Employee Appeals Board in dismissing the appeal of the Appellant for lack of subject matter jurisdiction.
IT IS THEREFORE the Order of this Court that the Order of Dismissal of the Appellant’s appeal lodged in the Cherokee Nation Employee Appeals Board is affirmed.